# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4728-18T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

L.M.,

     Defendant,

and

S.S.,

     Defendant-Appellant.

_____

IN THE MATTER OF
S.J., a minor.

_____

     Submitted April 22, 2020 – Decided May 14, 2020

     Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FN-08-0055-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Steven Edward Miklosey, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Cynthia Sozio, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Joseph H. Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendant S.S.[1] appeals from a May 7, 2019 Family Part order terminating his parental rights to his daughter, who is now seven years old. L.M., the biological mother, executed an identified surrender[2] to both the maternal great-grandparents and maternal aunt and uncle, whichever couple was approved by

---

[1] We use initials to preserve the privacy of the parties. R. 1:38-3(d)(12).

[2] "In practice, an 'identified surrender' means that those exact person(s) as to whom the surrender is made shall adopt the children. If for some reason the 'identified' persons are not able to adopt the child, the surrender becomes 'void' and the parental rights of surrendering parent(s) are reinstated. See N.J.S.A. 9:3-38(j); N.J.S.A. 9:3-41; N.J.S.A. 30:4C-23." N.J. Div. of Youth & Family Servs. v. D.M.B., 375 N.J. Super. 141, 145 (App. Div. 2005).

the court. Defendant failed to attend the guardianship trial. The Law Guardian urges affirmance. We affirm substantially for the reasons stated by Judge John J. Matheussen in his thorough oral opinion issued with the order.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. Defendant never provided sustained care for his daughter or stable housing and she does not have a strong relationship with him. He was not able to offer his daughter a home at the time of trial but suggested his mother as a resource parent. After an investigation, the paternal grandparents who live in Pennsylvania were ruled out through the Interstate Compact on the Placement of Children (ICPC), N.J.S.A. 9:23-5. Defendant was incarcerated multiple times and had domestic violence and substance abuse issues. He did not cooperate with services to address these issues. The Division of Child Protection and Permanency (Division) offered defendant substance abuse treatment, batterer's intervention, parenting time and a bonding evaluation. Defendant did not fully cooperate with any service offered.

In his comprehensive opinion, Judge Matheussen found that the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a)(1) to (4), and that termination of defendant's parental rights was in the child's best interests. On this appeal, our review of

3

the trial judge's decision is limited. <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 278 (2007). We defer to his expertise as a Family Part judge, <u>Cesare v. Cesare</u>, 154 N.J. 394, 412 (1998), and we are bound by his factual findings so long as they are supported by "adequate, substantial and credible evidence." <u>M.M.</u>, 189 N.J. at 279 (quoting <u>In re Guardianship of J.T.</u>, 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

On appeal, defendant argues that the Division failed to prove prongs two, three and four of N.J.S.A. 30:4C-15.1(a) and his daughter should have been placed with his mother in spite of her failure to gain ICPC approval. These arguments are without sufficient merit to warrant further discussion in a written opinion, <u>R.</u> 2:11-3(e)(1)(E), especially in light of the child's proposed adoption by maternal relatives.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4728-18T1